**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 12-6866**

UNITED STATES OF AMERICA,

Petitioner - Appellee,

v.

THOMAS MATHERLY,

Respondent - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  W. Earl Britt, Senior District Judge.  (5:06-hc-02205-BR-JG)

Submitted:  March 7, 2013       Decided:  March 14, 2013

Before MOTZ, AGEE, and FLOYD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Thomas P. McNamara, Federal Public Defender, G. Alan DuBois, Assistant Federal Public Defender, Eric J. Brignac, Research and Writing Specialist, Raleigh, North Carolina, for Appellant. Thomas G. Walker, United States Attorney, Jennifer P. May-Parker, Seth M. Wood, Assistant United States Attorneys, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Matherly appeals the district court's order committing him as a sexually dangerous person under the Adam Walsh Child Protection and Safety Act of 2006, 18 U.S.C. § 4248 (2006). We have reviewed the record, and we affirm.

Matherly first asserts two constitutional challenges to his commitment, claiming that the civil commitment statute, 18 U.S.C. § 4248, levies an unconstitutional criminal punishment, and that § 4248 violates equal protection principles by limiting its application only to prisoners. As Matherly concedes, however, both of these arguments are foreclosed by this Court's decision in United States v. Timms, 664 F.3d 436 (4th Cir.), cert. denied, 133 S. Ct. 189 (2012).

The remaining portion of Matherly's appeal consists of his argument that the district court committed clear error in certifying him as a sexually dangerous person. In this respect, the district court's factual findings are reviewed for clear error, while its legal conclusions are reviewed de novo. United States v. Hall, 664 F.3d 456, 462 (4th Cir. 2012). Where the district court's factual findings are based on its evaluation of conflicting expert testimony, we are "especially reluctant" to set aside its determinations. Id. (internal quotation marks omitted).

Given Matherly's concession that he previously engaged in child molestation and suffers from a serious mental disorder, the Government was required to prove by clear and convincing evidence only that Matherly "would have serious difficulty in refraining from sexually violent conduct or child molestation if released." 18 U.S.C. § 4247(a)(6) (2006); see Hall, 664 F.3d at 463. The "serious difficulty" prong of the certification proceeding refers to the degree of an individual's "volitional impairment;" that is, his "ability to refrain from acting upon his deviant sexual interests." Hall, 664 F.3d at 463.

Matherly initially argues that, given that he had never committed a hands-on offense, the district court's sexual dangerousness conclusion was based only upon Matherly's deviant sexual fantasies and thoughts, and not because of any of his past conduct. Proceeding on this assumption, Matherly argues that the district court's analysis effectively eviscerated the requirement that the Government prove not only his mental illness (i.e., his pedophilic desires) but also that he would have serious difficulty restraining himself from acting upon such urges.

But Matherly misconstrues the district court's reasoning. The district court plainly rested its decision on Matherly's active conduct in furtherance of his desires, observing that he "took measures to feed his compulsions and

3

fantasies about kidnapping and raping a young child" by travelling to the mall and to a nearby elementary school and "actively thinking about how he could lure [young children] away." Because the court specifically found that Matherly had "taken active steps toward actually molesting a child" and that "Matherly's own past conduct" demonstrated his significant inability to control his deviant sexual desires, Matherly is mistaken in arguing that the district court's analysis equated the mere possession of strong, deviant fantasies with sexual dangerousness.

Matherly next asserts that the district court erred in "ignoring or otherwise failing to account for [a] substantial body of contradictory evidence" that did not support its decision that he is sexually dangerous. United States v. Wooden, 693 F.3d 440, 461 (4th Cir. 2012). We have thoroughly examined the record in light of Matherly's contentions, and we disagree. "[E]valuating the credibility of experts and the value of their opinions is . . . a function best committed to the district courts," and we see no reason to second-guess the district court's decision to credit the testimony of the Government's experts instead of that of Matherly's experts. Hall, 664 F.3d at 462 (internal quotation marks omitted). Because "the district court's account of the evidence is plausible in light of the record viewed in its entirety," we

4

agree with the Government that the district court's conclusions do not amount to clear error.  Id.

Accordingly, we affirm the judgment of the district court.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED